NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STRATEGIC BUSINESS SOLUTIONS, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-1418

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00081-EDK, Judge Elaine Kaplan.

---

Decided: February 14, 2018

---

CHRISTOPHER EDWIN BROWN, The Brown Firm, PLLC, Alexandria, VA, for plaintiff-appellant.

DEVIN ANDREW WOLAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DOUGLAS K. MICKLE; GREGORY FIKE, Defense Intelligence Agency, United States Department of Defense, Washington, DC.

---

Before PROST, *Chief Judge,* MOORE and CHEN,
*Circuit Judges.*

PROST, *Chief Judge.*

Strategic Business Solutions, Inc. ("SBSI") appeals a final decision of the U.S. Court of Federal Claims concerning SBSI's bid protest. We affirm.

I

The Defense Intelligence Agency ("DIA") issued solicitation number HHM402-14-R-0005 (the "Solicitation") on August 22, 2014. The Solicitation requested proposals concerning the second generation of the DIA's Solutions for Intelligence Financial Management program.

The Solicitation set forth requirements for proposals. Among these was a requirement to submit seven redacted hard copies of certain volumes of the proposals. On September 18, 2014, the DIA issued Amendment 04 to the Solicitation, clarifying what information required redaction. Such information included the prime offeror's and subcontractor's company and personnel names and "[i]nformation identifying the Prime Offeror or any proposed subcontractors' status as a current incumbent" on the previous generation of the DIA's Solutions for Intelligence Financial Management program.

The Solicitation notified offerors that "[o]ffers that fail to furnish required representations or information, or reject the terms and conditions of the solicitation may be excluded from consideration." J.A. 10513–14 (setting forth Federal Acquisition Regulation (FAR) 52.212-1(b)(11)); J.A. 10664–65 (same). The Solicitation also provided that the government "may reject any or all offers if such action is in the public interest; accept other than the lowest offer; and waive informalities and minor irregularities in offers received." J.A. 10514 (setting forth FAR 52.212-1(g)); J.A. 10665 (same).

SBSI submitted its proposal on October 6, 2014. In the proposal's cover letter, SBSI stated that it took "no exceptions" to the Solicitation and expressly acknowledged Amendment 04. Nevertheless, SBSI's proposal failed to redact information that the Solicitation required to be redacted. SBSI admits that it failed to provide necessary redactions in over 100 places and that 15 of its "failures" to redact were actually intentional. SBSI's Br. 7.

A member of the DIA's evaluation team noticed SBSI's redaction failures and notified the contracting officer ("CO") of the issue on November 18, 2014. In a letter dated November 25, 2014, the CO identified several specific redaction failures and informed SBSI that, "[b]ased on SBSI's failure to submit redacted copies of its proposal in accordance with the terms of the [S]olicitation," its proposal had been rejected as unacceptable and would not be considered for award.

SBSI filed a protest with the Government Accountability Office ("GAO") contending that the CO improperly rejected its proposal. The GAO denied the protest. SBSI then attempted to appeal the GAO's decision directly to this court. We determined that we lacked subject-matter jurisdiction over the appeal and transferred the case to the Court of Federal Claims. Order, *Strategic Bus. Sols., Inc. v. Def. Intelligence Agency*, No. 2015-6001 (Fed. Cir. Nov. 20, 2015), ECF No. 26.

At the Court of Federal Claims, the government and SBSI filed cross-motions for judgment on the administrative record. The Court of Federal Claims granted the government's motion, denied SBSI's motion, and entered judgment for the government. J.A. 5–15. SBSI appeals.[1] We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1] SBSI waived oral argument. *See* ECF No. 63.

II

We review the grant of a motion for judgment on the administrative record in bid protest cases de novo. *Glenn Def. Marine (Asia), PTE Ltd. v. United States*, 720 F.3d 901, 907 (Fed. Cir. 2013). Our inquiry is whether the agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (citing 5 U.S.C. § 706 and 28 U.S.C. § 1491(b)(4)). "Under this standard, a procurement decision may be set aside if it lacked a rational basis or if the agency's decision-making process involved a clear and prejudicial violation of statute, regulation, or procedure." *Croman Corp. v. United States*, 724 F.3d 1357, 1363 (Fed. Cir. 2013). An agency is "entitled to a high degree of deference when faced with challenges to procurement decisions." *Orion Tech., Inc. v. United States*, 704 F.3d 1344, 1351 (Fed. Cir. 2013).

With this standard of review in mind, we turn to SBSI's arguments. SBSI argues that its numerous, intentional failures to redact were mere informalities or minor irregularities.[2] SBSI's Br. 3, 20. But even if we assumed as much, the Solicitation provided that the CO "*may* . . . waive informalities and minor irregularities in offers received." J.A. 10514 (emphasis added) (setting forth FAR 52.212-1(g)); J.A. 10665 (same). SBSI would have us read that "may" as a "must." *See* SBSI's Br. 3 ("[T]he [CO] *was required to waive or allow SBSI . . . to correct* such 'informalities and minor irregularities in

---

[2]    In addition to admitting that several of its missing redactions were intentional, SBSI's Br. 7, SBSI does not demonstrate clear error in the Court of Federal Claims' finding that, "to at least some extent, SBSI's failure to redact was deliberate and designed to give it an advantage (or at least to remove some perceived disadvantage)." J.A. 13 & n.4.

offers received.'" (emphasis added)); *id.* at 20 (similar). We decline to do so. The CO's decision to reject the nonconforming proposal in these circumstances was reasonable and well within the CO's discretion.

We have considered the remainder of SBSI's arguments and find them unpersuasive. Accordingly, we affirm the Court of Federal Claims' judgment.

**AFFIRMED**